**SIGNED this 23rd day of September, 2026**

Nicholas W. Whittenburg
**UNITED STATES BANKRUPTCY JUDGE**

---

**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION**

| | |
|---|---|
| **In re:** | |
| **Rebekah Kay Proctor** | **No. 4:25-bk-12991-NWW** |
| | **Chapter 7** |
| **Debtor** | |
| **Trudy M. Edwards, Trustee** | |
| **Plaintiff** | |
| **v.** | **Adv. No. 4:25-ap-01028-NWW** |
| **Rebekah Kay Proctor and Corey Proctor** | |
| **Defendants** | |

**M E M O R A N D U M**

On December 23, 2025, plaintiff Trudy M. Edwards, as trustee of the chapter 7 bankruptcy estate of Rebekah Kay Proctor, filed a complaint seeking to avoid a transfer of real property pursuant to 11 U.S.C. §§ 548 & 549 and to recover the value of that

transfer from the debtor and her husband, Corey Proctor, pursuant to 11 U.S.C. § 550(a)(1). The defendants answered the complaint asserting that the transfer cannot be avoided under 11 U.S.C. § 548 because the transfer occurred postpetition. They also asserted that the transfer was not an avoidable postpetition transfer of property of the estate under 11 U.S.C. § 549. Specifically, the defendants maintain that the real property was exempt from property of the bankruptcy estate because it was owned by the defendants as tenants by the entireties.[1]

Subsequently, the plaintiff moved to amend the complaint, and the court authorized her to do so. An amended complaint was filed on August 12, 2026, and it increased the alleged recoverable transfer amount from $79,428.00 to $240,000.00. ECF No. 57. The defendants have not answered or otherwise responded to the amended complaint and the deadline to do so has expired.

Jurisdiction is proper in this court. 28 U.S.C. § 1334(b). This adversary proceeding is a core proceeding. 28 U.S.C. § 157(b)(2); *see also Murphy v. Felice (In re Felice)*, 480 B.R. 401, 426–27 (Bankr. D. Mass 2012) (collecting cases about avoidance of postpetition transfers being core proceedings).

Before the court now is the plaintiff's motion for summary judgment. The plaintiff submitted a statement of undisputed material facts. The defendants did not respond to the summary judgment motion, nor did they respond to the plaintiff's statement of

---

[1] Subsequent to the filing of the initial complaint, the debtor consented to entry of an order waiving a discharge in her bankruptcy case pursuant to 11 U.S.C. § 727(a)(10).

undisputed material facts. The court construes that silence as a lack of opposition to the motion and an admission of the material facts. E.D. Tenn. LBR 7007-1(a), 7056-1(b).

Having considered the motion, supporting brief, and uncontested statement of undisputed material facts, the court will grant the plaintiff's motion for summary judgment.

## I. Summary Judgment Standard

A party is entitled to summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Fed. R. Bankr. P. 7056. When deciding a motion for summary judgment, the court construes all reasonable inferences in favor of the nonmoving party. *Waeschle v. Dragovic*, 576 F.3d 539, 543 (6th Cir. 2009) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). When the evidence would permit a reasonable jury to return a verdict for the nonmoving party, a genuine issue of material fact exists, and the court must deny summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In the face of a summary judgment motion, the nonmoving party may not rest on its pleadings, but must come forward with some probative evidence to support its claim. *Celotex v. Catrett*, 477 U.S. 317, 325 (1986); *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987) (holding that a nonmoving party must present "some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial"). According to Federal Rule of Civil Procedure 56(c)(1), "[a] party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . or . . . showing that the

materials cited do not establish the absence . . . of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."

## II. Background

The debtor filed a petition for relief under chapter 11 of the Bankruptcy Code on November 7, 2025. On December 10, 2025, the United States trustee moved to convert or dismiss the case. The court held a hearing on that motion on December 18, 2025, and converted the debtor's case to one under chapter 7 of the Code. Five days later, the plaintiff filed this adversary proceeding.

As admitted in the statement of undisputed material facts, the defendants sold real property for $1,700,000.00 on December 12, 2025—slightly more than one month after the petition date and prior to the conversion of the debtor's chapter 11 case to one under chapter 7. The property in question is commonly known as 344 Whitaker Road, Shelbyville, Tennessee, which the debtor listed on Schedule A in her case. The defendants received $240,000.00 at closing, all of which was used by defendant Corey Proctor to pay personal debts, to cover living expenses, to purchase a house in Ohio, and to fund establishment of a business. The debtor did not seek or receive court authority for that sale.

## III. Analysis

Section 548(a)(1)(B) of the Bankruptcy Code states in relevant part:

> The trustee may avoid any transfer . . . of an interest of the debtor in property . . . that was made . . . within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily received less than a reasonably equivalent value in exchange for such transfer . . . and was

> insolvent on the date that such transfer was made . . . , or became insolvent as a result of such transfer . . . .

That section states incontrovertibly that it applies only to transfers occurring within two years *before* the petition date. Clearly, the December 12, 2025 sale was after the November 7, 2025 petition date, and so, the plaintiff may not seek to avoid the transfer as a fraudulent conveyance under 11 U.S.C. § 548.

Section 549(a) states that a "trustee may avoid a transfer of property of the estate that occurs after the commencement of the case; and that is authorized only under section 303(f) or 542(c) of this title; or that is not authorized under this title or by the court." Under that section, unauthorized transfers by a trustee or a chapter 11 debtor in possession exercising the powers of a trustee pursuant to 11 U.S.C. § 1107(a), are avoidable only if the property transferred constitutes "property of the estate."

When the debtor filed her bankruptcy petition, that commenced a bankruptcy case and created an estate that captured all of the debtor's legal and equitable interests in property, including her interest in the Shelbyville property and the proceeds therefrom. *See* 11 U.S.C. § 541(a)(1) and (6). The defendants' answer asserts that the Shelbyville property is excluded from property of the estate because the defendants owned the property as tenants by the entirety and the debtor's interest therein is exempt under 11 U.S.C. § 522(b)(3)(B). However, pursuant to long-established law in this state and circuit, only the debtor's possessory interest in the property is exempt from property of the estate while her right of survivorship is not exempt and is property of the estate. *See Arango v. Third Nat'l Bank (In re Arango)*, 992 F.2d 611, 615 (6th Cir. 1993)

("Tennessee does not consider entireties property to be property of each individual spouse."); *In re Arwood*, 289 B.R. 889, 894 (Bankr. E.D. Tenn. 2003) (quoting *Weaver v. Hamrick*, 907 S.W.2d 385, 389 n.4 (Tenn. 1995)) (citations omitted) ("[B]ecause the Debtor has filed for bankruptcy and his spouse has not, 'his bankruptcy estate [includes] only his right of survivorship in the [property owned as tenants by the entireties].'"). There is no exemption available for a debtor's right of survivorship and such interest was property of the estate when the defendants sold the property. *See Arwood*, 289 B.R. at 895 (collecting cases). Therefore, the defendants' contention that no property of the estate was transferred when they sold the Shelbyville property postpetition fails as a matter of law. The court now turns to the remaining elements for avoidance of a postpetition transfer under section 549 of the Bankruptcy Code.

As established, the December 12, 2025 sale occurred after the debtor commenced her bankruptcy case on November 7, 2025. The defendants have identified no provision of the Bankruptcy Code that authorized their sale of property of the debtor's bankruptcy estate. The transfer certainly was not in the ordinary course of the debtor's business. 11 U.S.C. § 363(b)(1) (authorizing a debtor in possession to use or sell property of the estate without notice or a hearing only if such use or sale is in the ordinary course of the debtor's business).

Section 363(b) of the Bankruptcy Code allows a trustee or debtor in possession to sell property of the estate other than in the ordinary course of business, but only after notice and a hearing. Section 363(h) of the Bankruptcy Code provides a mechanism by which a trustee or debtor in possession can sell the estate's interest and any nondebtor co-owner's interest in property held as tenants by the entirety pursuant to the require-

ments of section 363(b). In sum, to sell the Shelbyville property, the debtor needed to secure bankruptcy court approval after affording proper notice to creditors and other parties in interest. Fed. R. Bankr. P. 6004. It is undisputed that the debtor never obtained such approval. There can be no genuine dispute that the sale of the Shelbyville property was an unauthorized postpetition transfer avoidable under section 549 of the Bankruptcy Code.

Rather than attempt to recover the real property itself, the plaintiff seeks a money judgment under section 550 of the Bankruptcy Code against the defendants for half of the $240,000.00 proceeds they received at closing, representing the estate's one-half undivided interest in the property. *See* 11 U.S.C. § 363(j) (providing for the division of the proceeds of a sale of property pursuant to section 363(h) between the debtor and non-debtor spouse according to the interests of the spouse and the estate); *see also In re Naples*, 521 B.R. 715, 718 (Bankr. W.D.N.Y. 2014) (finding that upon sale of property co-owned by spouses, there is "a presumption of 50-50 ownership of the proceeds of the sale."). Section 550(a)(1) allows the plaintiff to recover the value of the bankruptcy estate's interest in the transferred property from the initial transferee or any immediate or mediate transferee. It is undisputed that the defendants received all the net proceeds from the sale. They were initial transferees of the bankruptcy estate's interest in the proceeds. The defendants' receipt and subsequent use of the proceeds deprived the bankruptcy estate of value that could have been used to administer the bankruptcy estate and pay creditors. The debtor, as a debtor in possession at the time of the sale, violated her fiduciary duty to the bankruptcy estate prescribed by the Bankruptcy Code, including the duty to be accountable for all property received. *See* 11 U.S.C.

§§ 1107(a), 1106(a)(1), 704(a)(2); *see generally In re Patel*, 621 B.R. 245, 254 (Bankr. E.D. Cal. 2020) ("[T]he Debtors were fiduciaries accountable to their creditors for all property so long as they functioned as debtors in possession."). Therefore, the plaintiff is entitled to a money judgment against the defendants for the dollar amount that should have been held for the benefit of the bankruptcy estate—$120,000.00.

## IV. Conclusion

For the foregoing reasons, the court finds that there are no genuine issues of material fact concerning whether the December 12, 2025 postpetition transfer of real property is avoidable under section 549(a) of the Bankruptcy Code and that the plaintiff is entitled to a money judgment against defendants under section 550(a) for $120,000.00. By separate order the court will grant the plaintiff's motion for summary judgment as to avoidance of an unauthorized postpetition transfer and enter judgment against the defendants in the amount of $120,000.00.

###